28536. REYNOLDS, administrator, v. HYERS, administratrix, et al.

DECIDED NOVEMBER 28, 1940.

Robert B. Blackburn, for plaintiff.
McElreath, Scott, Duckworth & DuVall, for defendants.

BROYLES, C. J. V. T. Reynolds, as administrator of the estate of Eliza Reynolds, sued Mrs. Lila Hyers, as temporary administratrix with the will annexed of Henry Hyers (her deceased husband), and the Hartford Accident & Indemnity Company, the surety on

her bond, to recover the sum of $500 bequeathed to Eliza Reynolds in the will of Henry Hyers. After several amendments to the petition, the general demurrer to the petition as finally amended was sustained, and the plaintiff excepted to that judgment. After the petition had been twice amended, the plaintiff filed a third amendment, and paragraph 12 thereof reads as follows: "Petitioner shows further that irrespective of the charges and contentions made in the preceding paragraphs, the defendant, Mrs. Hyers, as temporary administratrix, went into possession of $1329.78 in cash, and that no part of this money was included in the year's support, and that, as such temporary administratrix, it was her duty as a matter of law to make application for permanent administration, but that she failed and refused to qualify as permanent administratrix, and that as such failure to so qualify has continued for more than thirteen years before the filing of this suit, and that since as temporary administratrix she has been in possession, and should as a matter of law have been in possession, of a sufficient amount of money in cash with which to pay the legacy of $500 with its accrued interest; and that her refusal to pay same, as demanded at the time set out in plaintiff's original petition, amounted in law to a conversion of the money to which your petitioner as administrator of the estate of Mrs. Eliza Reynolds is entitled, and was a breach of the trust as imposed upon Mrs. Hyers as temporary administratrix of the estate of Henry Hyers, under his will, and for which conversion and breach of the trust, Mrs. Hyers and her surety, the Hartford Accident & Indemnity Company, are liable over to petitioner in the sum of $500, with interest." This paragraph (No. 12) of the amendment was specially demurred to in paragraph 5 of the defendants' demurrer, and on the hearing of the demurrer the court passed the following order: "Paragraph 5 of the demurrer is sustained, with leave to amend (a), by alleging facts which would authorize this proceeding against the alleged temporary administratrix with the will annexed; and (b) by alleging facts which would show that after payment of debts and costs of the administration there would remain funds sufficient to pay the alleged bequest. The plaintiff is allowed twenty days in which to amend as herein required, in default of which the petition will stand as dismissed. This June 29, 1938." No exception was taken to that judgment and within the time allowed another amend-

ment to the petition was filed on July 19, 1938. That amendment was demurred to on the ground that it failed to comply with the requirements of the court's order dated June 29, 1938. The court sustained the demurrer and dismissed the petition.

Under the above-stated facts, the only question before this court is whether the last amendment to the petition complied substantially with the order of the court dated June 29, 1938. That order required the plaintiff to do two things or his petition would stand dismissed: first, to allege facts which would authorize this proceeding against the temporary administratrix with the will annexed; and, second, to allege *facts which would show that after the payment of debts and cost of administration there would remain funds sufficient to pay the alleged bequest.* The plaintiff was required to do *both* of these things to prevent his petition from being dismissed. He filed no exception to that order and attempted to comply with it by filing an amendment within the required time. We have carefully read the lengthy amendment, and have failed to find in it any facts which would show that after the payment of debts and the cost of administration there would remain sufficient funds to pay the alleged bequest. In our opinion the court did not err in dismissing, on demurrer, the petition as finally amended.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*